

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| SMITH DRUG COMPANY, INC., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:06-CV-3192-HFF |
| | § | |
| HIGH JUMP SOFTWARE, INC., | § | |
| Defendant. | § | |

## ORDER

**I.    INTRODUCTION**

This is a breach of contract action. Pending before the Court is Defendant's Motion to Dismiss or, alternatively, to Transfer Venue.[1] Having carefully considered the motions, the response, the reply, the record, and the applicable law, the Court will deny Defendant's Motion to Dismiss and grant Defendant's Motion to Transfer Venue.

**II.   DISCUSSION AND ANALYSIS**

Defendant contends that, in light of the forum selection clause, which provides that Minnesota is the proper venue for any claims arising out of the subject contract, Plaintiff's action should be dismissed. In the alternative, Defendant maintains that the Court should transfer the case to the United States District Court for the District of Minnesota. Having exhaustively examined the record and considered the relevant law, it is the judgment of this Court that Defendant's Motion to

---

[1]For the sake of clarity, the Court will discuss this motion as if filed as two separate motions.

Dismiss will be denied, but Defendant's Motion to Transfer Venue to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1404(a), will be granted.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a)

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation marks and citation omitted). The district court in *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93 (W.D.N.C. 1990), set forth eleven factors that it considered in determining the propriety of such a transfer:

> 1. The plaintiff's initial choice of forum; 2. The residence of the parties; 3. The relative ease of access of proof; 4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; 5. The possibility of a view; 6. The enforceability of a judgment, if obtained; 7. The relative advantages and obstacles to a fair trial; 8. Other practical problems that make a trial easy, expeditious, and inexpensive; 9. The administrative difficulties of court congestion; 10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11. The avoidance of unnecessary problems with conflict of laws.

*Id*. at 96.  This Court has undertaken the same analysis with the competent evidence in this record and finds that transfer is proper.

*1. The plaintiff's initial choice of forum.*

"The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." *Stewart Organization, Inc*, 487 U.S. at 29.

In the instant case, Plaintiff initially agreed that all legal disputes at issue with the subject contract would be instituted in Minnesota. Only after the alleged breach of the contract did Plaintiff choose the courts of South Carolina to settle the dispute. Because there is no dispute that, pursuant to the contract between the parties, Minnesota was Plaintiff's initial choice of forum, this factor weighs in favor of Defendant's Motion to Transfer.

*2. The residence of the parties.*

Plaintiff is a resident of South Carolina and Defendant is a resident of Minnesota. Therefore, this factor weighs in favor of neither party.

*3. The relative ease of access of proof.*

This factor appears to favor neither party.

*4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses.*

As observed by Defendant,

> Plaintiff claims that the cost and time involved for having Minnesota witnesses travel to South Carolina versus having South Carolina witnesses travel to Minnesota balances out. However, in support of its assertion, Plaintiff only cites a single affidavit that, outside of the affiant, makes no specific reference to who or even how many witnesses there will be for the Plaintiff or the importance of the witnesses' testimony. In contrast, HighJump provided four affidavits that identify at least six witnesses and sets forth what testimony will be offered and the importance of such testimony. Among these witnesses are former HighJump

3

> employees, over which HighJump has no control and who are beyond the subpoena power of this court for trial testimony. While Plaintiff is correct that this testimony could be presented at trial by affidavit, Defendant will likely be prejudiced by having to use this poor substitute for live testimony.

(Defendant's Reply 4-5). The Court agrees and, thus, finds that this factor weighs heavily in favor of Defendant.

*5. The possibility of a view.*

This factor favors neither party.

*6. The enforceability of a judgment, if obtained.*

There is no evidence in the record to suggest that this factor favors either party as it relates to whether the Court should grant or deny the Motion to Transfer.[2]

*7. The relative advantages and obstacles to a fair trial.*

This factor does not favor either of the parties.

*8. Other practical problems that make a trial easy, expeditious, and inexpensive.*

There is no evidence in the record to support either party as to this factor.

*9. The administrative difficulties of court congestion.*

There is no evidence in the record to support either party as to this factor, either.

*10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action.*

In that the subject contract in governed by Minnesota law, this factor weighs in favor of Defendant.

---

[2]As a practical matter, however, it would be advantageous for Plaintiff to have this case transferred to Minnesota in that, if a judgment is obtained against Defendant, the judgment can be more easily enforced by a Minnesota court than by a South Carolina court.

*11. The avoidance of unnecessary problems with conflict of laws.*

As noted above, because this dispute will be settled pursuant to Minnesota law, this factor weighs in favor of Defendant.

In sum, none of the factors favor Plaintiff's position that the case should not be transferred; factors 1, 4, 10, and 11 weigh in favor of Defendant's argument that the case be transferred; and factors 2, 3, 5, 6, 7, 8 and 9 provide no guidance.[3]

When the record is considered as a whole, the Court is firmly convinced that Defendant has overwhelmingly established by a preponderance of the evidence that its Motion to Transfer should be granted. Therefore, the Court will enter judgment accordingly.

### III.     CONCLUSION

As set forth above, Defendant's Motion to Dismiss is **DENIED**, and Defendant's Motion to Transfer is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 31st day of July, 2005, in Spartanburg, South Carolina.

/s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[3]The Court notes that some factors carry more weight than others. Moreover, these factors are certainly not exhaustive.